**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SUNDANCE HOMEOWNERS ASSOCIATION, INC., *et al.*,<br><br>Defendants. | Case No. 2:15-cv-01310-APG-GWF<br><br>**ORDER GRANTING IN PART DEFENDANT SUNDANCE'S MOTION TO DISMISS**<br><br>(Dkt. #10) |

This is a dispute over property located at 1390 Hialeah Drive, Building 15, Unit A in Las Vegas. Plaintiff Nationstar Mortgage, LLC was assigned a first deed of trust encumbering the property. After the prior owners defaulted on their assessments owed to the homeowners association ("HOA"), defendant Sundance Homeowners Association, Inc., foreclosed. Sundance purchased the property at the HOA nonjudicial foreclosure sale and then quitclaimed the property to defendant Jackel Properties, LLC. Nationstar brought suit to quiet title to the property, asserting that the HOA sale did not extinguish its first deed of trust because, among other reasons, the former version of Nevada Revised Statutes ("NRS") Chapter 116 violates due process.

Sundance moves to dismiss. Sundance argues that it is not a proper party to the quiet title claim because it does not currently claim an interest in the property. Sundance also argues that the former version of NRS Chapter 116 does not violate due process because it mandated notice to the first deed of trust holder. As to Nationstar's other claims, Sundance contends Nevada law requires Nationstar to first mediate or arbitrate those claims before it may sue the HOA.

I grant in part Sundance's motion. I dismiss the portion of Nationstar's quiet title claim that rests on the argument that the former version of NRS Chapter 116 violates due process because it purportedly does not require notice to the first deed of trust holder. I dismiss Nationstar's claims for breach of NRS § 116.1113 ("bad faith") and wrongful foreclosure because

those claims must first be submitted to alternative dispute resolution ("ADR") under NRS § 38.310. I deny the remainder of the motion because Sundance is a necessary party.

**I. BACKGROUND**

In March 2005, Jacqueline Husk and Anthony Husk obtained a loan from Countrywide Home Loans, Inc. in the amount of $115,200.00, which was secured by a deed of trust encumbering the subject property. (Dkt. #1 at 3.) The deed of trust was assigned to The Bank of New York Mellon ("BONY"), which later assigned the deed of trust to Nationstar. (*Id.* at 4.)

The Husks failed to pay their HOA assessments, so in January 2011, Sundance, through its agent, Alessi & Koenig, LLC, recorded a notice of delinquent assessment lien. (*Id.*) Alessi & Koenig recorded a notice of default and election to sell in March 2011, and a notice of sale in December 2011. (*Id.* at 5.)

BONY's agent, Bank of America, N.A., requested a ledger from Sundance identifying the super priority amount but Sundance refused to provide that information. (*Id.* at 6.) Instead, Sundance provided a ledger identifying the total lien amount. (*Id.*) Bank of America calculated what it believed to be the super priority amount and tendered payment in the amount of $1,620.00 to Sundance to satisfy the super priority lien on February 23, 2012. (*Id.*)

Sundance nevertheless foreclosed on March 14, 2012. (*Id.*) Sundance purchased the property at the HOA foreclosure sale for $7,715.75. (*Id.*) Sundance thereafter transferred the property to defendant Jackel Properties, LLC via a quit claim deed, which Jackel recorded on May 1, 2012. (*Id.*)

The Husks have defaulted on the loan and Nationstar wants to foreclose. (*Id.* at 4.) However, Nationstar seeks a declaration of the parties' respective rights to the property given the intervening HOA foreclosure sale. (*Id.*) Nationstar asserts three claims in its complaint.[1] First, it seeks to quiet title and requests declaratory relief regarding whether the HOA foreclosure sale extinguished the first deed of trust. (*Id.* at 7.) Nationstar alleges the HOA sale did not extinguish

---

[1] Nationstar asserts a fourth "claim" for injunctive relief to prevent Jackel from selling the property until the parties' rights are determined. (Dkt. #1 at 13-14.) Because injunctive relief is a remedy and not an independent claim for relief, I will not address it separately from Nationstar's other claims.

the first deed of trust because NRS Chapter 116 violates due process, Nationstar's predecessor tried to tender the super priority amount but Sundance refused to accept it, the HOA's sale was commercially unreasonable, and Jackel is not a bona fide purchaser for value. (*Id.* at 7-10.) Second, Nationstar asserts Sundance breached the duty of good faith imposed by NRS § 116.1113 by not identifying the super priority amount, not notifying Nationstar's predecessor that its security interest was at risk, and not accepting the payment of the super priority amount. (*Id.* at 10-12.) Third, Nationstar asserts a wrongful foreclosure claim. (*Id.* at 12-13.)

Sundance moves to dismiss the complaint. Sundance argues that because it does not currently claim an interest in the property, Nationstar's quiet title claim against it should be dismissed. Additionally, Sundance argues that the quiet title claim's allegations relating to due process should be dismissed because there is no state action and the relevant statute satisfies due process.[2] Sundance contends Nationstar's bad faith and wrongful foreclosure claims should be dismissed because those claims must first be mediated or arbitrated pursuant to NRS § 38.310.

Nationstar responds that Sundance is a necessary party to the quiet title claim because Nationstar seeks to undo the HOA sale and return to the pre-sale status quo. Additionally, Nationstar argues NRS Chapter 116 involves state action and violates due process because it does not require notice to be given to the first deed of trust holder. As to § 38.310, Nationstar argues that the statute applies only to homeowners bringing disputes against their HOA, not first deed of trust holders. Nationstar also contends that its bad faith claim does not involve the interpretation of the CC&Rs because it alleges Sundance violated statutory duties, so § 38.310 does not apply.

/ / / /

/ / / /

---

[2] Sundance also contends that Nationstar has not complied with state law which requires a party challenging a state statute's constitutionality to notify the Nevada Attorney General. Pursuant to Federal Rule of Civil Procedure 5.1(a), Nationstar should have served the Nevada Attorney General with its complaint that calls into question Chapter 116's constitutionality. I direct Nationstar to follow that Rule in this case and I remind it of its obligation to do so in any other similar cases. Under Rule 5.1(b), the court must certify to the Nevada Attorney General that a statute's constitutionality has been questioned, which I did on March 9, 2016. (Dkt. #28.) Because I reject the constitutional challenge, I will not await the Nevada Attorney General's intervention decision before ruling. Fed. R. Civ. P. 5.1(c).

## II. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Necessary Party

Sundance argues that it is not a proper party to Nationstar's quiet title claim because it does not currently claim an interest in the property. However, Nationstar challenges the validity of the sale Sundance conducted and the corresponding validity of the title Sundance acquired and then quitclaimed to Jackel. If the HOA foreclosure sale is invalidated, Sundance's super priority lien might be reinstated as an encumbrance against the property. Further, the existence and priority of that lien might still be in doubt where Nationstar alleges its predecessor tendered payment of that lien. "The disposition of this action in the HOA's absence may impair or impede its ability to protect its interests." *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015). Additionally, if Nationstar "succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary." *Id.* Thus, if Sundance is dismissed as a party, Nationstar would not be able to secure the complete relief it seeks. *See id.*; Fed. R. Civ. P. 19(a). Accordingly, Sundance is a proper party to Nationstar's quiet title claim, and its motion to dismiss on this basis is denied. *See Ascente Homeowners Ass'n*, 2015 WL 8780157, at *1-2; *Bank of Am. v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-1042-APG-PAL, 2015 WL 6163452, at *2 (D. Nev. Oct. 19, 2015).

**B. Due Process**

For the reasons more fully explained in *Las Vegas Development Group v. Yfantis*, 2:15-cv-01127-APG-CWH, Dkt. #72 (D. Nev. Mar. 24, 2016), the former version of Chapter 116 does not violate due process because it requires notice to the first deed of trust holder. I therefore grant Sundance's motion to dismiss the portion of Nationstar's quiet title claim that rests on the argument that the former version of Chapter 116 violates due process because it purportedly required first deed of trust holders to opt in to receive notice.

**C. Mandatory ADR Under NRS § 38.310**

NRS § 38.310(1) provides:

No civil action based upon a claim relating to:

(a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or

(b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property,

may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive, and, if the civil action concerns real estate within a planned community subject to the provisions of chapter 116 of NRS or real estate within a condominium hotel subject to the provisions of chapter 116B of NRS, all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.

Section 38.310(2) requires a court to "dismiss any civil action which is commenced in violation of the provisions of subsection 1." Section 38.300(3) defines a "civil action" to include "an action for money damages or equitable relief," but not "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property."

The Supreme Court of Nevada interpreted this statute in *McKnight Family, L.L.P. v. Adept Management Services, Inc.*, and evaluated whether certain claims are "civil actions" as defined in NRS § 38.300. 310 P.3d 555, 558 (Nev. 2013) (en banc). In *McKnight*, the property owner sued the HOA alleging that it had failed to properly credit his payments and then it wrongfully

foreclosed based on delinquent assessments. *Id.* at 557. The property owner brought several claims, including to quiet title, for violation of NRS § 116.1113, and wrongful foreclosure. *Id.* The district court dismissed the complaint under NRS § 38.310 because the parties had not engaged in mediation or arbitration before the property owner brought suit. *Id.*

On appeal, the Supreme Court of Nevada ruled that the quiet title claim should not have been dismissed because it is not a "civil action" as defined in NRS § 38.300(3). *Id.* at 559. However, the court ruled that a claim for breach of the duty of good faith in NRS § 116.1113 is a civil action as defined in NRS § 38.300 because it "required the district court to interpret regulations and statutes that contained conditions and restrictions applicable to residential property." *Id.* at 558-59. Thus, this claim "fell under NRS 38.310's purview." *Id.* at 558. The court also ruled that "[w]rongful foreclosure is a civil action subject to NRS 38.310's requirements because deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions, or restrictions applicable to residential property." *Id.* at 559.

The Supreme Court of Nevada has not ruled whether NRS § 38.310 applies to disputes beyond those between a homeowner and an HOA. I previously ruled that it does not apply to beneficiaries of deeds of trust. *Bank of Am. v. SFR Investments Pool 1, LLC*, No. 2:15-CV-1042-APG-PAL, 2015 WL 6163452, at *1-2 (D. Nev. Oct. 19, 2015). I reasoned that the statute was meant to apply only to disputes between homeowners and their HOAs based on the legislative history and that the crux of the dispute between the HOA and the deed of trust beneficiary in that case was about whether the HOA sale extinguished the first deed of trust, not about interpreting the conditions, covenants, and restrictions ("CC&Rs"). *Id.* at 2.

I now reconsider that ruling. While the legislative history strongly supports the conclusion that this statute was never meant to apply to disputes other than those between a homeowner and the HOA, the statute's plain and unambiguous language does not allow for resort to legislative history. *See, e.g.*, *State v. Lucero*, 249 P.3d 1226, 1228 (Nev. 2011) ("[W]hen a statute is clear on its face, a court can not go beyond the statute in determining legislative

intent."); *J.E. Dunn Nw., Inc. v. Corus Constr. Venture, LLC*, 249 P.3d 501, 505 (Nev. 2011) (en banc) ("When the language of a statute is clear on its face, this court will not go beyond [the] statute's plain language.") (quotation omitted). By the statute's plain language, "[n]o civil action" based on a claim relating to the interpretation, application, or enforcement of covenants, conditions, or restrictions applicable to residential property may be commenced without first resorting to ADR. And the court must dismiss "any civil action" that is commenced without prior resort to ADR. The statute's plain language does not allow for any exceptions based on the identity of the parties to the suit.

NRS § 38.310 therefore applies to Nationstar's bad faith and wrongful foreclosure claims if they are "civil actions" as defined in § 38.300(3) and fall within § 38.310's scope. Nationstar's bad faith claim must be dismissed because it is based on the interpretation and enforcement of Sundance's CC&Rs. In its bad faith claim, Nationstar alleges that Sundance's "recorded CC&Rs contain a mortgage protection clause which represents that the HOA's entire lien will be subordinate to the senior deed of trust" and that Sundance breached its duty of good faith by not complying with its CC&Rs. (Dkt. #1 at 11.) To resolve Nationstar's bad faith claim, the court will have to interpret the alleged mortgage protection clause contained within Sundance's CC&Rs. Additionally, the Supreme Court of Nevada has determined that claims under § 116.1113 are "civil actions" within § 38.310's scope because such claims "require[] the district court to interpret regulations and statutes that contain[] conditions and restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d 558-59. I therefore dismiss this claim pursuant to § 38.310.

Nationstar's wrongful foreclosure claim also must be dismissed. This claim alleges the HOA foreclosure was wrongful because:

(1) Sundance failed to give adequate notice and an opportunity to cure the deficiency;

(2) Bank of America had satisfied the super priority amount so there was no default that would allow foreclosure of a super priority lien that would extinguish the deed of trust;

(3) the HOA foreclosure sale was commercially unreasonable;

   (4) Sundance violated the mortgage protection clause in the CC&Rs; and

   (5) Sundance violated the good faith duty in NRS § 116.1113.

(Dkt. #1 at 12-13.)  For the same reasons as the bad faith claim, the allegations that Sundance violated the mortgage protection clause or acted in bad faith must be dismissed.  Additionally, Nationstar's allegation that there was no default at the time of the sale must be dismissed because it relates to the interpretation or enforcement of Sundance's CC&Rs.  To resolve whether a default existed, it will be necessary to interpret Sundance's CC&Rs to determine the super priority amount and whether payment was properly applied to that amount.  Additionally, the allegations that the foreclosure was wrongful because Sundance failed to give proper notice or cure and the HOA sale was commercially unreasonable challenge the HOA's enforcement of its lien through Chapter 116.  As *McKnight* held, "[w]rongful foreclosure is a civil action subject to NRS 38.310's requirements because deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions, or restrictions applicable to residential property." 310 P.3d at 559.  I therefore dismiss Nationstar's wrongful foreclosure claim.

## III. CONCLUSION

  IT IS THEREFORE ORDERED that defendant Sundance Homeowners Association, Inc.'s motion to dismiss **(Dkt. #10) is GRANTED in part and DENIED in part**.  I dismiss Nationstar's claims of breach of NRS § 116.1113 and wrongful foreclosure, as well as the portion of Nationstar's quiet title claim that rests on the argument that former NRS Chapter 116 is unconstitutional because it required lenders to opt in to receive notice of an impending HOA foreclosure sale.  The motion is denied in all other respects.

  DATED THIS 30th day of March, 2016.

                        _____
                         ANDREW P. GORDON
                         UNITED STATES DISTRICT JUDGE